UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

IN RE:                                                        CHAPTER 13
                                                              CASE NO. 17-40074

TERESA JO ABBOTT
JERRY WAYNE ABBOTT
          DEBTORS

# PLAN OF REORGANIZATION

Plan Percentage:  28%

l.  **PAYMENTS**.  The Debtor(s) shall pay to the Trustee out of Debtor's future earnings or other income the sum of **$180.00 monthly for 60 months**.  The Debtors submit all or such portion of Debtors' future earnings or other income as is necessary for the execution of the plan to the control of the Trustee.  Payments will be made by payroll deduction. 11 U.S.C. § 1322(a)(1) and 11 U.S.C. § 1322(b)(8).

2.  **TREATMENT/PAYMENT OF CLAIMS**

          **(A) Classification of Claims.**  Claims are placed in various classes and paid according to the nature of each claim as described in Section 3 (Disbursements) either from disbursements from the Trustee or directly by the Debtor(s) as described in that Section.

          **(B) Bifurcation of Certain Claims**.  A claim which is secured by collateral having a value less than the amount due is bifurcated, that is, separated, into two claims, one being a Secured Claim, the other, an Unsecured Claim.

          **© Determination of Secured/Unsecured Claims; Effect on Liens.**
          (1) Under 11 USC § 506(a) an allowed claim is secured only to the extent of the value of the property. The debtor must value all property at its fair market value. Values listed in the schedules and Plan are the debtor's estimate of current fair market value. The court appoints an appraiser to value the debtor's property. The value in the schedules may  increase or decrease based upon the court appointed appraisal. This appraisal is filed as part of the debtor's case and may be accessed on the court's ECF/PACER system.

          (2) Any part of the claim that exceeds the value of the property is unsecured

          (3) A claim of a creditor is only a Secured Claim if it is not avoided (see Paragraph (D)and (E)  below) and then only to the extent of the value of the creditor's interest in the property which secures its claim. The debtor may avoid a junior lien on real property under 11 USC § 506(a) and (d) which is wholly unsecured by virtue of the fact that the property is encumbered with other, senior liens, the value of which equals or exceeds the value of the property.

          (4) **Notice of the Debtor's intention to avoid any lien herein shall be given in this**

-1-

**Plan and in a motion that shall be filed with the plan and petition. The Motion is captioned "Motion to Strip Off Junior Lien." This motion and the notice of the right to object to the provisions of the Motion and this Plan shall be in lieu of any adversary proceeding which might otherwise be required under Bankruptcy Rule 7001.  Any creditor not objecting to the validity, priority, extent, avoidance, valuation or allowance of its claim shall be conclusively deemed to have waived any right to have its claim determined in an adversary proceeding.  No further notice of the determination of the creditors claim or the status of its mortgage lien shall be given other than by the Motion to Strip Off Junior Lien and through this Plan of Reorganization.  11 U.S.C. § 506, 1325(a)(5), (13).**

(5) Any claim which is secured is secured only to the extent of the value that secures that claim, as to the  unsecured  part, the security interest shall be,  as to the unsecured portion,   void. Upon completion of payments due on a Secured Claim, unless the secured creditor objects, the collateral shall be redeemed. The creditor shall release its lien even though said creditor's Unsecured Claim has not been fully paid or the case is subsequently converted to Chapter 7.

**(D) <u>Liens Avoided pursuant to 11 USC § 506(a) and (d)</u>**.    The creditor(s)  whose lien(s) are avoided pursuant to § 506 (a) and (d) and the property covered by the lien(s) which are avoided are as follows:

| Creditor | Security | Amt of Lien | Amt of Senior liens | Security Value |
|---|---|---|---|---|
| NA | | | | |

**(E) <u>Lien Avoidance</u>**.  A lien securing a claim is void to the extent such lien impairs exemptions to which the Debtor(s) would have been entitled were such lien either a judicial lien or a lien which is a non-possessory, non-purchase money security interest in property described in 11 U.S.C. §. 522(f).  The creditor(s) whose lien(s) are avoided pursuant to §. 522(f) and the property covered by the lien(s) which are avoided are as follows:

| Creditor | Property | Amt of Lien | Debtor's Exemption |
|---|---|---|---|
| NA | | | |

**(E) <u>Retention of Lien.</u>**  The holder of a Secured Claim not avoided under Paragraph (D) or (E) above, shall retain its lien securing its Secured Claim until the amount for which the claim is allowed as a Secured Claim (as determined under Paragraph © above) is paid in full.  11 U.S.C. 1325(a)(5)(B)(I), 1327©.

**3.  DISBURSEMENTS**.  From the payments so received, the Trustee shall make disbursements in the order and in the manner hereinafter described in the payment of the debts and expenses of the Debtor(s) duly proved and allowed, except for payments specifically noted herein to be made directly to creditors by the Debtor(s).

**(A) <u>Administrative Expenses/Claims</u>**

Payments shall be made first to satisfy the court costs (except the filing fee), Trustee fees and expenses, Debtors' counsel fees and expenses, and other allowed administrative expenses prior to disbursement on other claims.

**(B) <u>Secured Claims</u>**

(1) **Direct Payments By Debtor(s)**. Payments shall be made directly by the Debtor(s) periodically as future installments come due, commencing with the first due date(s) subsequent to the filing of the petition herein, and continuing thereafter during the term of this plan on debtor's long-term Secured Claims, including home mortgage(s) hereinafter described, except as provided in Section 5 (Defaults Cured). 11 U.S.C. §1322(b)(5) and 11 U.S.C. §1327©. Any unsecured portion of a claim shall be paid by the Trustee as later provided by the plan.

| Creditor | Property | Secured | Unsecured | Monthly Pymt |
|---|---|---|---|---|
| NA | | | | |

(2) **Secured Claims paid by Trustee**. Payments shall be made by the Chapter 13 trustee to creditors, together with interest at the rate hereinafter described, on duly proved and allowed Secured Claims . 11 U.S.C. § 1322(b)(2), (6). The creditors, collateral, the amount of their Secured Claim and Unsecured Claim (to be paid as other Unsecured Claims), are as follows:

| Secured Creditor | Property | Secured Claim | Unsec Claim | Int. Rate |
|---|---|---|---|---|
| Eagle Finance | 2004 Jeep Liberty | $1,006.77 | -0- | 4% |

(3)**Adequate protection to 2(B) (2) Secured Claims.** Unless the court orders otherwise, the debtor shall commence making payments not later than 30 days after the date of the filing of the plan or the order for relief, whichever is earlier, in the amount that provides adequate protection directly to a creditor who has filed a secured claim and therefore holds an allowed claim secured by personal property to the extent the claim is attributable to the purchase of such property by the debtor for that portion of the obligation that becomes due after the order for relief, reducing the payments under subparagraph (A) by the amount so paid and providing the trustee with evidence of such payment, including the amount and date of payment.11 U.S.C.A. § 1326

   Secured Creditor

(4) **Surrender of Collateral**. Notwithstanding any other provision herein, the Debtor(s) shall surrender the collateral securing the claim of Creditor(s), all as hereinafter described, the stay of 11 U.S.C.§ 362(a) shall be modified and said collateral abandoned to permit said Creditor(s) to retake the collateral and sell same in a commercially reasonable manner. To the extent the proceeds of sale therefrom shall be insufficient to satisfy said Creditor(s)' claims in full, said creditor(s) shall hold a General Unsecured Claim to be paid as other General Unsecured Claims under this plan, 11 U.S.C. 1325(a)(5)(C): N/A

(5) **Discharge of Longterm Debts**. A discharge under 11 USC 1328 (a) discharges all debts provided unless excepted from discharge by 11 USC 1328 (a) (1) (2) or (3). In the event that a secured creditor is the holder of a claim on which the last payment is due after the date on which the final payment under the plan is due (11 USC 1322(b)(5) ) obtains relief from the

Automatic Stay due to the  default by the debtor that creditor may have a claim for any deficiency arising from the liquidation of its collateral if a claim for such is filed within six months(6) after the collateral is liquidated or relief from the stay is obtained, whichever shall first occur. Otherwise the debt to that creditor shall be discharged 11 USC §1322(b) (5) notwithstanding.

**© Unsecured Claims**

**(1) Unsecured Priority Claim**.  After payment of all Secured Claims by the Trustee and prior to payment of pre-petition General Unsecured Claims, all claims entitled to priority under 11 U.S.C. §. 507 shall be paid in full in deferred cash payments and in the order of priority described in 11 U.S.C. §. 507 unless the holder of a particular claim agrees to a different treatment of such claim.  11 U.S.C. §. 1322(a)(2).

**City of Hartford for 2016 City of Hartford payroll taxes not deducted from wages. Amount unknown.**

**(2) General Unsecured Claims**.  Subsequent to the payment of Secured Claims and Unsecured Priority Claims, payments on pre-petition allowed General Unsecured Claims, if any, shall be made generally on a pro rata basis out of the balance of future earnings or future income remaining to be paid during the period of this plan.  Creditors holding allowed pre-petition General Unsecured Claims shall be paid **twenty-eight  (28%) percent** except as may otherwise be noted in this plan.

**(3) General Unsecured Long-Term Claims**.  Notwithstanding any other provision of this Plan, payments shall be made directly by the Debtor(s) periodically as future installments come due, commencing with the first due date(s) subsequent to the filing of the petition herein, and continuing thereafter during the term of this plan on debtor's General Unsecured Long-Term Claim(s) hereinafter described, except as described in Section 5 (Defaults Cured), 11 U.S.C.  § 1322(b)(5).

| Creditor | Unsecured Claim | Monthly Payment |
|---|---|---|
| U. S. Dept of Education | $43,542.00 | Deferred |

**(4) Post-petition Claims**. Subsequent to (or pro rata with)the payments on Secured Claims, payments on allowed post-petition claims under 11 U.S.C. § 1305 shall be paid in full unless the court should otherwise order.

**4.  INTEREST ON UNSECURED CLAIMS**.  No interest accruing after the date of the filing of the petition shall be allowed on the claims of creditors holding allowed Unsecured Claims, except as to post-petition claims allowed under 11 U.S.C. § 502(b)(2).

**5.  DEFAULTS CURED (Arrearages)**.

Defaults on: (1) (1) Executory Contracts assumed; (2) Secured Claims [except claims secured by collateral surrendered by Debtor(s) to the creditor(s)], and (3) Long-Term General Unsecured Claim(s) on which post-petition installments are paid directly by Debtor(s) shall be cured by payments disbursed pro-rata with Secured Claims by the Trustee to said claimant(s) of the pre-petition arrearage(s), including interest accrued to the last pre-petition installment due date and other charges accrued pre-petition.  Said arrearages shall be paid without further interest provided that the claim(s) were incurred subsequent to October 22, 1994, 11 U.S.C. 365(b)(1)(d)(2), 11 U.S.C. 1322(b)(5), (e).  If a claim was incurred by Debtor(s) on or prior to October 22, 1994, the arrearage thereon shall be paid together with interest at the contract rate or six (6 %) percent, per annum, whichever shall be the less, provided that if said claim is secured

solely by a mortgage on the Debtor's principal residence, the arrearage thereon shall be paid together with interest at the contract rate.  Arrearages together with interest, if applicable, shall be paid within 24 months following confirmation of this plan.  No creditor shall receive on its Secured Claim under Section 2 and this Plan an amount in excess of its Secured Claim [11 U.S.C. §. 506] together with interest, if any, as may be provided herein.

**6.  EXECUTORY CONTRACTS.**
**(A) Contracts Assumed**.  The following Executory Contracts are assumed. [11 U.S.C. § 365(a), (d)(2)], and any default shall be cured as provided in Section 5: N/A
**(B) Contracts Rejected**. The following Executory Contracts are rejected, 11 U.S.C. §. 365(a), (d)(2): N/A

A claim filed by a creditor arising from rejection of an Executory Contract shall be allowed as if such claim had arisen before the date of the filing of the petition, subject to the right of the Debtor(s) or the Trustee to object to the amount of the claim.  11 U.S.C. §. 502(g).

**7.  MODIFICATIONS**.  The Court, from time to time during the period of this plan, may increase or decrease the amount of the payments provided in this plan or extend or reduce the period of time for any such payments. After such hearing and upon such notice as the Court may designate, if it appears that the circumstances of the Debtor(s) so require, and the initial acceptance of this plan (i.e., the failure to object to same) by creditors shall constitute acceptance of any modification ordered by the Court at the first meeting of creditors or any adjournment thereof or any subsequent hearing.

**8.  VESTING OF PROPERTY/AUTOMATIC STAY**.   The property of the estate shall vest in the Debtor(s) upon the later of:  (1)  completion of the Plan; or (2) entry of the Order of Discharge.  § 1327.  The stay of 11 U.S.C. § 362 shall remain in effect so long as this case is pending unless the Court should otherwise order.

Dated:   February 1, 2017                    /s/   Teresa Jo Abbott                              
                                                              Debtor

                                                              /s/   Jerry Wayne Abbott                          
                                                              Debtor

/s/   Russ Wilkey                        
Russ Wilkey
WILKEY & WILSON, PSC
111 West Second Street
Owensboro, KY  42303
telephone       (270) 685-6000
Fax                (270) 683-2229
rwilkey@wilkeylaw.com
Attorney for Debtors